Labauye, J.
Eliza Phelan died, leaving a second surviving husband1 ,nd two sets of children; two by a first and two by her second marsiage.1 ihe second surviving husband, James J. Dundas, was appointed adminstrator of the succession of his deceased wife, and after having sold the aovable property, obtained an order to sell a certain lot and house to iay debts of the estate and community.
Augustin Leclercq, in his capacity of tutor to the minor children of the rst marriage, obtained an injunction against said sale, on the ground tiat it was unnecessary to sell the real estate to pay the debts of the ommunity; that the price realized from sale of dry goods and groceries, numerated in a former inventory, and not mentioned in the inventory, iken on the 27th April, 1867; $2,000 in gold, silver and United States irrency, belonging to the community and not mentioned in either iventory, the rents of real estate are more than sufficient to pay the sbts, etc.
Yhe injunction was dissolved, and the plaintiff appealed.
This sale was ordered to be made for cash, and we are satisfied from :e evidence that the amount of debts is very small, comparatively to the due of the property ordered to be sold, and we are of opinion that, in ich a ease, a family meeting should have been consulted upon the terms *356 and conditions of sale, as regarded the minors. The record informs us' that Dundas was appointed administrator, applied for the sale, which was ordered for cash by the clerk, all on the same day, the 29th of April/; 1867; the law does not contemplate such summary and ex parte proceedings. C. C. Arts. 1155, 1156, 1157; 3 R. 85.
It is therefore ordered and decreed that the judgment be annulled and reversed, and that the injunction be perpetuated; it is further ordered and decreed, that all other matters set forth in the petition for injunction and not passed upon herein, are reserved to the plaintiff, to be adjusted’ hereafter at proper time; it is further decreed, that the defendant, Dundas, pay costs in both courts.